NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7307

NANCY G. TALBOT,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Nancy G. Talbot, of Trego, Montana, pro se.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Christopher P. Mcnamee, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7307

NANCY G. TALBOT,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-1870, Judge Robert N. Davis.

_____

DECIDED: January 9, 2008

_____

Before RADER, PROST, and MOORE, Circuit Judges.

PER CURIAM.

Claimant-appellant, Nancy G. Talbot, the surviving spouse of the late veteran, Patrick J. Sullivan, appeals the decision of the Court of Appeals for Veterans Claims (Veterans Court) in Nancy G. Talbot v. R. James Nicholson, Secretary of Veterans Affairs, No. 05-1870 (Vet. App. Jul. 2, 2007), which affirmed the decision of the Board of Veterans' Appeals (Board) denying Ms. Talbot the award of additional dependency benefits for her son during the period September 1981 to June 1982. Because Ms. Talbot's appeal is fact-based and beyond our scope of review, we dismiss for lack of jurisdiction.

BACKGROUND

Mr. Sullivan, the late veteran, served in the U.S. Army during World War II. Following his death in November 1967, the Department of Veterans Affairs (VA) awarded Ms. Talbot non-service connected death pension benefits as the surviving spouse of a veteran.  Subsequently, in December 1981, Ms. Talbot lost her surviving spouse status after a VA regional office (RO) determined that she had been living with another man as his common law wife as of March 1981.  Accordingly, Ms. Talbot's death pension benefits were retroactively terminated, effective March 1981.

On September 11, 1981, Ms. Talbot submitted VA Form 21-674c, requesting increased payments of death pension benefits on the basis that her son, George Sullivan, would be attending an approved educational institution starting September 1981 until June 1982.  The Board determined that, because she was not qualified to receive VA death pension benefits during the period in question, she was not entitled to seek additional benefits either.

In January 1999, the VA awarded Ms. Talbot dependency and indemnity compensation benefits (DIC) retroactive to October 1, 1978, the effective date of 38 U.S.C. § 1318, which permits payment of DIC in cases where a veteran is rated totally disabled due to service connected disability for ten years prior to a non-service connected death.  However, the retroactive award of DIC benefits did not cover the period from March 1981 through December 1984, during which Ms. Talbot had been deemed remarried and ineligible to receive VA benefits as a surviving spouse.

In 2002, Ms. Talbot once again requested and was denied increased payment of VA benefits by the RO for the period of time that her son was completing his GED.  The

Board affirmed the RO's denial, concluding that her son was the proper claimant for the benefits in question. Ms. Talbot appealed the denial to the Veterans Court, which remanded the claim in October 2004 for the Board to consider Ms. Talbot's submission of VA Form 21-674c in September 1981. In June 2005, the Board denied Ms. Talbot's claim for additional benefits, stating that Ms. Talbot was "not entitled to death pension and dependency indemnity compensation benefits as the surviving spouse of the veteran for the period from September 1981 to June 1982." The Board recognized that in, September 1981, Ms. Talbot had applied for additional benefits on the basis of her son's continued schooling, but that the death pension benefits she had been receiving at that time had been retroactively terminated in December 1981, effective March 1981. Therefore, Ms. Talbot could not claim increased VA benefits for that period of time because she was not entitled to receive any herself.

On July 2, 2007, the Veterans Court affirmed the Board's decision. The Veterans Court entered judgment on July 25, 2007. Ms. Talbot submitted a timely notice of appeal on August 27, 2007.

DISCUSSION

Congress has granted us limited jurisdiction to review decisions of the Veterans Court. 38 U.S.C. § 7292. Pursuant to § 7292(a), we may consider appeals challenging the validity of any statute or regulation, or any interpretation thereof that was relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Unless a genuine constitutional issue is presented, we are barred from considering challenges to the determination of facts in a particular case and the application of legal standards to those facts. 38 U.S.C. § 7292(d)(2).

Ms. Talbot's appeal is fact-based in nature and, hence, falls outside of our authority to review. She does not argue that the Veterans Court misinterpreted any statute or regulation or that any relevant VA regulations are invalid. And although Ms. Talbot references the circumstances surrounding her case as other bases for challenging the Veterans Court's decision, we are precluded from considering such facts.[1]

Lastly, we note but decline to speculate on the merits of Ms. Talbot's argument that her case is not about her own claims, but about her son's claims for VA benefits. Whether or not her son is a proper claimant of VA benefits in his own right, Ms. Talbot's case was presented to the Veterans Court as seeking increased payments of VA benefits to her as a veteran's surviving spouse. Even if we had the authority to review the facts of her son's eligibility for VA benefits—which we emphasize that we do not—we generally do not consider arguments raised for the first time on appeal. See Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc) (holding that this court generally does not decide issues not raised below in appeals of Veterans Court decisions).

For the foregoing reasons, we dismiss Ms. Talbot's appeal for lack of jurisdiction.

---

[1] On appeal, Ms. Talbot asserts, among other allegations, that she was discriminated against, that the VA had treated her in a "deceitful and underhanded" manner, that her counsel below did not correctly or fairly represent her, that her record is missing several documents, and that her son's "helpless child" benefits are past due.